# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAELLE MIRARCHI, MBA, CCP, L.P., :    Plaintiff, | CIVIL ACTION |
| v. | No. 12-5749 |
| BERNADETTE MANGAN, RN, et al.,    Defendants. | |

**Goldberg, J.**                                                                               January 3, 2013

## Memorandum Opinion

Plaintiff, Rafaelle Mirarchi, initiated this action in the Court of Common Pleas of Philadelphia County against his former employer, Defendant St. Christopher's Hospital for Children ("SCHC"), several related corporate entities and SCHC employees. Defendants removed the matter pursuant to 28 U.S.C. § 1441(a), claiming that certain references to federal law in Plaintiff's complaint provide this Court with subject matter jurisdiction over his claims. Plaintiff has moved to remand the action pursuant to 28 U.S.C. § 1447(c), arguing that the complaint asserts only state law claims, and that the references to violations of federal law in his complaint were intended only to support those state law claims.

Our examination of Plaintiff's complaint does not clarify why he chose to refer to federal law. Nonetheless, even if Plaintiff's complaint does state claims under federal law, those claims fail as a matter of law. Consequently, we will grant Plaintiff's motion and remand the matter to the Court of Common Pleas of Philadelphia County.

## I. Factual and Procedural History

Plaintiff's complaint alleges that he was retaliated against for reporting regulatory violations, and professional and ethical misconduct, that he observed while working as a cardiovascular

perfusionist at SCHC. Plaintiff alleges that as a result of his reporting this misconduct, he was harassed at work, constructively discharged, and that certain employees spread false statements that damaged his professional reputation. The complaint sets forth four separate counts: violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1421, et seq. (Count I); "Defamation - Slander" (Count II); "Intentional Infliction of Emotional Distress" (Count III); and an untitled count that appears to state a claim for breach of a Corporate Integrity Agreement ("CIA") between Defendants and the Office of the Inspector General of the Department of Health and Human Services (Count IV). (Compl., ¶¶ 211-231.) In addition, the introductory section of the complaint contains the following paragraphs:

> 19. Claim, on behalf of Plaintiff, is made under the Pennsylvania Whistleblower Law, 43 PS § 1422 et seq. (2007).
>
> 20. Claim, on behalf of Plaintiff, is made under the authority of the Medical Practice Act of 1985 and any violations thereof.
>
> 21. Claim, on behalf of Plaintiff, is made under the provisions of and violations of the Medical Care Availability and Reduction of Error (MCARE) Act of 2002.
>
> 22. Claim, on behalf of Plaintiff, is made under the provisions of and any violation of Federal Law, Title 4, Health Care Quality Improvement Act of 1986.

In their notice of removal, and in response to Plaintiff's motion to remand, Defendants assert that this Court has federal question jurisdiction through Plaintiff's claim in Paragraph 22 for a violation of the Health Care Quality Improvement Act of 1986 ("HCQIA") and Count IV for breach of the CIA. Defendants also allege that supplemental jurisdiction exists over Plaintiff's state law claims. (Notice of Removal, ¶¶ 7-9.) Plaintiff responds that the "claims" identified in the introductory section of his complaint, including the HCQIA claim, were not intended as independent

claims for relief, but were referenced merely as examples of wrongdoing that support his claim under Pennsylvania's Whistleblower Law. Similarly, Plaintiff alleges that violations of the CIA are cited as support for his whistleblower claim, and that including a claim for breach of the CIA as Count IV was a "pleading error." (Motion, pp. 7-9.)

**II.     Legal Standard**

In considering a motion to remand, the removing party bears the burden of demonstrating that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, removal was predicated on the existence of a federal question. As such, we must determine whether the complaint pleads a federal cause of action. See Louisville & Nashville Railroad v. Mottley, 211 U.S. 149 (1908). A federal cause of action is present where: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief depends on the resolution of a substantial question of federal law. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807 (1986). Under the "well-pleaded complaint rule" removal is only appropriate where a federal question appears on the face of the complaint. Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9 (1983). Thus, we look to the language of Plaintiff's complaint to determine if federal law creates a cause of action or if a substantial question of federal law is raised.

**II.     Discussion**

Defendants assert that two federal causes of action are stated in the complaint: (1) Plaintiff's

"claim" under the HCQIA in Paragraph 22; and (2) Plaintiff's claim under the CIA in Count IV. Plaintiff argues that the complaint pleads only "state law claims of Pennsylvania Whistleblower law, defamation and slander, and intentional infliction of emotional distress." (Mot., p. 5.) He asserts that the references to the HCQIA and the CIA were included merely as predicate violations for his Whistleblower claim.

It is somewhat unclear from the complaint which causes of action Plaintiff intends to assert. The complaint first states four "claims" in the introductory section, and later sets out five different "counts." (Compare Pl.'s Compl., ¶¶ 19-22 with Pl.'s Compl., ¶¶ 211-231.) Except for the claims under Pennsylvania's Whistleblower Law, the "claims" in the introductory section do not overlap with the "counts" set out later. Turning specifically to the portions of the complaint relied upon by Defendants, the plain language of those paragraphs appear to state claims for relief. Paragraph 22 of the complaint states a "claim . . . under the provisions of and any violations of [the HCQIA]." (See Pl.'s Compl., ¶¶ 19-22.) Similarly, Count IV of the complaint, while unnamed, appears set forth the elements of a claim for breach of the provisions of the CIA. See Pl.'s Compl., ¶¶ 222-228. While Plaintiff may argue that it was not his "intent" to assert these claims, the plain language of his complaint belies this position.

Nonetheless, even assuming that the complaint pleads claims under the HCQIA and for breach of the CIA, these claims fail as a matter of law, and thus we will dismiss them sua sponte. See McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (a district court may dismiss claims sua sponte where the basis for dismissal is apparent on the face of the complaint.) cert. denied, 131 S. Ct. 1692 (U.S. 2011), reh'g denied, 131 S. Ct. 2985 (U.S. 2011) (citing Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002)).

4

The HCQIA does not create a private right of action. See e.g, Doe v. U.S. Dept. of Health & Human Services, 871 F. Supp. 808, 812 (E.D. Pa. 1994) aff'd, 66 F.3d 310 (3d Cir. 1995) (finding that the HCQIA confers neither an expressed nor an implied private right of action to physicians); Perez v. Pottstown Mem'l Med. Ctr., 1998 WL 464916, *n. 8 (E.D. Pa. Aug. 3, 1998) ("In any event, the HCQIA does not provide a private right of action."). Moreover, Plaintiff does not have standing to raise a claim for breach of the CIA, which is an agreement between Defendants and the Office of the Inspector General of the Department of Health and Human Services. Plaintiff is neither a party or a third party beneficiary of the CIA, and therefore cannot raise a direct claim for breach of its terms. Gregg v. Lindsay, 649 A.2d 935, 938 (Pa. Super. 1994) (citing Manor Junior College v. Kaller's Inc., 507 A.2d 1245 (Pa. Super. 1986)) (only parties and a "narrow class" of intended third party beneficiaries may assert a claim for breach of contract).

We note that concerns which sometimes weigh against sua sponte dismissal are not implicated here. Generally, courts should be reluctant to dismiss claims without providing the plaintiff with notice and an opportunity to respond or amend the complaint. See Schneller ex rel. Schneller v. Fox Subacute at Clara Burke, 317 Fed. App'x 135, 138 (3d Cir. 2008). Here, however, Plaintiff has stated unequivocally that he does not wish to proceed with the claims at issue, and consequently there is no concern that sua sponte dismissal will inappropriately infringe upon Plaintiff's interest in pursuing these claims.

In summary, the federal claims which Defendants rely upon for federal jurisdiction do not provide a basis upon which relief can be granted. With those claims having been dismissed, Plaintiff's complaint now only asserts state law claims. Consequently, Plaintiff's motion to remand

5

this matter to the Court of Common Pleas of Philadelphia County will be granted.[1]

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion is granted as it relates to Plaintiff's motion to remand the matter, and denied as it relates to Plaintiff's motion for costs.

Our Order follows.

---

[1] Plaintiff also claims he is entitled to costs incurred as a result of the removal. Costs are appropriate "only when the removing party lacked an objectively reasonable basis for seeking removal" Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Given the ambiguity in Plaintiff's complaint, which could reasonably be read as asserting claims under federal law, we find that Plaintiff is not entitled to costs in this case.